UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHAD AHMED,<br><br>          Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>          Respondent. | Case No.: 3:18-cv-02309-H-JLB<br><br>**REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 8]** |

This Report and Recommendation is submitted to United States District Judge Marilyn L. Huff pursuant to 28 U.S.C. § 636(b) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I. INTRODUCTION

Petitioner Mahad Ahmed ("Petitioner"), a state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging his San Diego Superior Court jury conviction for murder in the second degree and assault by means likely to produce great bodily injury. (ECF No. 1.) Now before the Court is Respondent's motion to dismiss the Petition. (ECF No. 8.) Respondent contends that the Petition should be dismissed with prejudice as untimely and, alternatively, should be dismissed without prejudice due to Petitioner's failure to exhaust his state court remedies as to one of his seven claims. (*Id.*) The Court has reviewed the Petition, the motion to

dismiss, and the lodgments. For the reasons discussed below, the Court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

## II. BACKGROUND

On June 14, 2014, Petitioner and a group of friends were walking in the Gaslamp area of downtown San Diego. (ECF No. 9-1 at 3-4.) The group came across brothers Michael and Phillip Beaver and their friend Dan Devito. (*Id*.) Petitioner and his group approached the Beavers and Devito. (*Id*.) After Michael Beaver engaged with members of Petitioner's group, Petitioner punched Michael Beaver in the head causing him to fly backwards and hit his head on a metal railing. (*Id.* at 4-5, 8.) Petitioner and his friends left, and Michael Beaver was taken to the hospital by ambulance where he was pronounced dead. (*Id*. at 5-6, 8.)

Petitioner was arrested on June 15, 2014. (*Id.* at 6.) At trial, the People of the State of California ("the People") proceeded on a second degree murder theory that Petitioner acted with implied malice. (*Id.*) The People presented evidence that Michael Beaver's death was caused by blunt force injury to the head and introduced evidence of three uncharged acts of violence involving Petitioner. (*Id*. at 6-9.) Petitioner denied ever being in a fight in which he had seriously injured anyone. (*Id.* at 8.)

On May 15, 2015, a jury convicted Petitioner of murder in the second degree (Cal. Penal Code § 187(a)) and assault by means likely to produce great bodily injury (Cal. Penal Code § 245(a)(4)). (*Id.* at 2; *see also* ECF No. 9-5 at 1.) As to the assault, the jury found true allegations that Petitioner personally inflicted great bodily injury, and inflicted great bodily injury causing a coma due to brain injury (Cal. Penal Code § 12022.7(a), (b)). (*Id.*) The trial court sentenced Petitioner to 15 years to life for the murder and stayed execution of a four-year upper term for the assault and also stayed five- and three-year enhancements for the Section 12022.7(a) and (b) allegations. (*Id.*)

Petitioner appealed the judgment to the California Court of Appeal. (*Id.*) In his appeal, Petitioner raised the following grounds for reversal: (1) the trial court prejudicially erred by instructing the jury with CALCRIM No. 520 on implied malice without stating

that implied malice requires that the act causing death be one that has a high degree of probability it would result in death; (2) the deficiency in the implied malice jury instruction makes the implied malice standard void for vagueness as applied to him in violation of his Fifth and Fourteenth Amendment rights to due process; (3) the trial court erred by admitting uncharged acts to show his conduct in the present case was dangerous to human life; and (4) the evidence is insufficient to prove his acts were sufficiently dangerous to constitute implied malice. (*Id.*) On December 23, 2016, the Court of Appeal affirmed the judgment in a reasoned opinion. (*Id.* at 2-35.)

On January 20, 2017, Petitioner filed a petition for review with the California Supreme Court. (ECF No. 9-2.) Petitioner raised the same grounds for relief that he raised before the Court of Appeal. (*Id.* at 7-8.) On March 1, 2017, the California Supreme Court summarily denied the petition for review. (ECF No. 9-3.)

On February 21, 2018, Petitioner, proceeding *pro se*, constructively[1] filed a petition for writ of habeas corpus in San Diego Superior Court. (*See* ECF No. 9-4 at 13-14.) In his petition, Petitioner asserted the following grounds for relief: (1) ineffective assistance of trial counsel for failing to submit a peremptory challenge to the assigned trial judge on a good faith belief of prejudice; (2) ineffective assistance of trial counsel for failing to file a writ of mandate/prohibition before the Court of Appeal challenging the trial judge's denial of a request for mistrial; and (3) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffective assistance with regard to her failure to file a writ of mandate/prohibition. (*Id.* at 3-11.) On April 5, 2018, the Superior Court denied the petition on the merits. (ECF No. 9-5.)

---

[1] "Under the mailbox rule, a prisoner's *pro se* habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (quoting *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988). "The mailbox rule applies to federal and state petitions alike." *Id.* (citing *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th. Cir. 2003); *Smith v. Ratelle*, 323 F.3d 813, 816 n. 2 (9th Cir. 2003)).

3

On April 16, 2018, Petitioner, proceeding *pro se*, constructively filed a petition for writ of habeas corpus in the California Court of Appeal, raising the same grounds for relief contained in his Superior Court petition. (ECF No. 9-6.) The Court of Appeal denied the petition on April 27, 2018, reasoning that Petitioner was not entitled to habeas corpus relief because he had filed his petition "more than two years after he was sentenced and 16 months after the judgment was affirmed on appeal without any explanation for the delay," and therefore the petition was barred as untimely. (ECF No. 9-7 at 2.) The Court of Appeal added that "[e]ven if the petition were not procedurally barred, it would be denied for failure to state a prima facie claim for relief." (*Id.*)

On May 11, 2018, Petitioner, proceeding *pro se*, constructively filed a petition for writ of habeas corpus in the California Supreme Court, raising the same grounds for relief stated in his prior habeas petitions. (ECF No. 9-8.) The California Supreme Court summarily denied the petition on September 12, 2018. (ECF No. 9-9.)

On October 1, 2018, Petitioner, proceeding *pro se*, constructively filed his Petition pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1 at 19-21.) In the Petition, Petitioner raises the following seven grounds for relief: (1) ineffective assistance of trial counsel for failing to object to the use of jury instruction CALCRIM No. 520; (2) instructing the jury with CALCRIM No. 520 on implied malice without stating that implied malice requires that the act causing death be one that has a high degree of probability it would result in death in violation of Petitioner's due process rights under the Fifth and Fourteenth Amendments; (3) introducing uncharged acts to show Petitioner's conduct in the present case was dangerous to human life in violation of Petitioner's due process rights and right to a fair trial; (4) insufficient evidence to support Petitioner's conviction of second degree murder; (5) ineffective assistance of trial counsel for failing to peremptorily challenge the trial judge; (6) ineffective assistance of trial counsel for failing to file a writ of mandate/prohibition before the Court of Appeal challenging the trial judge's denial of a request for mistrial; and (7) ineffective assistance of appellate counsel for failing to raise

trial counsel's ineffective assistance with regard to her failure to file a writ of mandate/prohibition. (*Id.*)

On February 22, 2019, Respondent filed a motion to dismiss the Petition and a notice of lodgment. (ECF Nos. 8, 9.) Petitioner's opposition to the motion was due March 28, 2019, but no opposition was filed. (*See* ECF No. 5 at ¶ 3.)

## III. STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code provides the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In addition, federal habeas corpus claims filed after April 24, 1996, such as those here, are subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that federal courts reviewing any habeas petition filed in federal court after the April 24, 1996 enactment of AEDPA will apply its provisions). Under AEDPA, a petitioner must overcome a high threshold to obtain relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011).

///

///

## IV. DISCUSSION

Respondent moves to dismiss the Petition on the grounds that it is time-barred pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (ECF No. 8.) Respondent argues in the alternative that the Petition should be dismissed because Petitioner failed to exhaust one of his seven claims and has not requested a stay. (*Id.*)

### A. AEDPA's Statute of Limitations Under 28 U.S.C. § 2244(d)(1)

#### 1. Legal Standard

AEDPA imposes a one-year statute of limitations on all habeas petitions filed by persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that the limitation period is sufficiently tolled under statutory and/or equitable principles. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

#### 2. Analysis

Petitioner has not alleged any facts or claims in his Petition to suggest the application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D). Accordingly, the Court will apply Section 2254(d)(1)(A). In order to determine whether a petition is untimely under Section 2254(d)(1)(A), the Court must first determine when the state court judgment became final.

*See* 28 U.S.C. § 2244(d)(1)(A). The period of direct review concludes when the time within which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court expires. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Pursuant to Supreme Court Rule 13, the time to file a petition for writ of certiorari to review a judgment entered by a state court of last resort expires 90 days after entry of the judgment. Sup. Ct. R. 13; *see also Bowen*, 188 F.3d at 1159.

The California Supreme Court denied Petitioner's petition for review on March 1, 2017. Petitioner did not thereafter file a petition for a writ of certiorari in the United States Supreme Court. (ECF No. 1 at 3.) Therefore, the statute of limitations period began to run 90 days later, on May 30, 2017, and the limitations period expired under Section 2254(d)(1)(A) on May 30, 2018. The present Petition was constructively filed on October 1, 2018, over four months after the limitations period expired. (*See* ECF No. 1 at 19-21.) As a result, the Petition is untimely under Section 2244(d)(1)(A), unless Petitioner can establish that he is entitled to statutory or equitable tolling.

**B.  Statutory Tolling**

The one-year statute of limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Petitioner constructively filed a petition for writ of habeas corpus, his first application for State post-conviction review, in the Superior Court on February 21, 2018. (*See* ECF No. 9-4 at 13-14.) The Superior Court denied the petition on April 5, 2018. (ECF No. 9-5.) Therefore, Petitioner is entitled to statutory tolling of 44 days while his petition was pending before the Superior Court. (*See* ECF No. 8-1 at 4.)

On April 16, 2018, Petitioner constructively filed a petition for writ of habeas corpus with the Court of Appeal. (ECF No. 9-6.) The Court of Appeal denied the petition on April 27, 2018, stating as follows:

> Ahmed is not entitled to habeas corpus relief. His petition, filed more than two years after he was sentenced and 16 months after the judgment was

7

3:18-cv-02309-H-JLB

affirmed on appeal without any explanation for the delay, is barred as untimely. (*In re Sanders* (1999) 21 Cal.4th 697, 703; *In re Swain* (1949) 34 Cal.2d 300, 302.) "[T]he filing of untimely claims without any serious attempt at justification is an example of abusive writ practice." (*In re Reno* (2012) 55 Cal.4th 428, 460.) Ahmed's "failure to affirmatively address the applicability of procedural obstacles to consideration of the claims raised in [his] habeas corpus petition justifies summary denial without the court's consideration of the merits." (*Id.* at p. 511.)

(ECF No. 9-7 at 2.) The Court of Appeal added that "[e]ven if the petition were not procedurally barred, it would be denied for failure to state a prima facie claim for relief." (*Id.*)

A habeas petition that is untimely under state law is not "properly filed." *Pace*, 544 U.S. at 413-14. As such, none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period. *See Curiel v. Miller*, 830 F.3d 864, 868 (9th Cir. 2016) (citing *Evans v. Chavis*, 546 U.S. 189, 197 (2006)); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006).

On May 11, 2018, Petitioner constructively filed a petition for writ of habeas corpus in the California Supreme Court, raising the same grounds for relief stated in his prior habeas petitions. (ECF No. 9-8.) The California Supreme Court summarily denied the petition on September 12, 2018. (ECF No. 9-9.) Applying the "look through" doctrine,[2] the Court finds that because the Court of Appeal dismissed Petitioner's petition as

---

[2] The "look through" doctrine provides that "[w]hen at least one state court has rendered a reasoned decision, but the last state court to reject a prisoner's claim issues an order 'whose text or accompanying opinion does not disclose the reason for the judgment,' we 'look through' the mute decision and presume the higher court agreed with and adopted the reasons given by the lower court." *Curiel*, 830 F.3d at 870 (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 802-06 (1991)). "That doctrine has universally been applied in cases where the court rendering a reasoned decision and a later court making a summary determination were facing precisely the same issue." *Valdez v. Montgomery*, 918 F.3d 687, 691 (9th Cir. 2019).

untimely, his California Supreme Court petition was not "properly filed" under AEDPA. *See Bonner*, 425 F.3d at 1148-49, 1148 n.13 (looking through unexplained decisions of the California Court of Appeal and California Supreme Court to a California Superior Court decision holding that a petition was untimely to conclude that the petition was untimely and the prisoner was not entitled to statutory tolling). Therefore, Petitioner is not entitled to any additional statutory tolling. *See Valdez*, 918 F.3d at 690 ("[I]f a prisoner timely files his or her first state habeas petition but does not timely file a second petition, then the prisoner is not entitled to tolling for the period following the denial of the first petition.").[3]

The fact that the Court of Appeal stated that "[e]ven if the petition were not procedurally barred, it would be denied for failure to state a prima facie claim for relief" and discussed the merits does not change the outcome. *See Carey v. Saffold*, 536 U.S. 214, 225-26 (2002) (holding that state court alternative rulings did not make petition timely, and thus "properly filed," under state law); *Bonner*, 425 F.3d at 1148-49 (finding "the fact that the superior court also denied [the] petition on the merits [does not] save [the] petition" for purposes of AEDPA where the superior court dismissed it as untimely).[4]

Based on the foregoing, Petitioner was entitled to statutory tolling of only 44 days, thereby extending the deadline to file his federal habeas petition to July 13, 2018. Because

---

[3] *See also Paul v. Kernan*, No. CV 15-07399 CJC (AFM), 2016 WL 8504497, at *4-6 (C.D. Cal. Dec. 7, 2016), *adopted by* 2017 WL 1025166 (C.D. Cal. Mar. 15, 2017) (finding that the petitioner was not entitled to statutory tolling for any of the time before or during the California Court of Appeal's and California Supreme Court's consideration of his habeas petitions because the Court of Appeal found the petition untimely and the Supreme Court summarily denied the petition).

[4] *See also Gonzales v. Santoro*, No. CV 15-1941 MRW, 2016 WL 2586357, at *3-4 (C.D. Cal. May 3, 2016), aff'd, 735 F. App'x 468 (9th Cir. 2018) (finding that the petitioner was not entitled to additional statutory tolling where the California Court of Appeal addressed the merits *and* found the petition to be untimely and the California Supreme Court denied relief without comment or citation).

9

Petitioner did not constructively file his petition until October 1, 2018, the petition is barred as untimely under AEDPA, unless equitable tolling applies.

### C. Equitable Tolling

Petitions filed under Section 2244(d) may be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010) (holding that § 2244(d) is subject to equitable tolling in appropriate cases). "If a prisoner can demonstrate that he is entitled to equitable tolling for a certain period of time, that period will be subtracted from the total number of days that have passed." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "The grounds for equitable tolling 'are highly fact-dependent.'" *Grant*, 862 F.3d at 918 (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1237 (9th Cir. 2013)). They do require, however, the occurrence of an "extraordinary circumstance." *Id.* (citing *Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999)).

Here, Petitioner has not alleged, nor does the record suggest, that any extraordinary circumstance stood in his way of filing a timely petition. Petitioner "bears the burden of proving that the statute of limitation was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010); *see also Valdez*, 918 F.3d at 691. He has not done so here. Therefore, equitable tolling does not apply, and the Court recommends that Respondent's motion to dismiss on the grounds that it is untimely under AEDPA be **GRANTED WITH PREJUDICE**.[5]

## V. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge

---

[5] As the Court finds that the Petition is untimely, the Court does not address Respondent's second argument that the Petition should be dismissed without prejudice because Petitioner failed to exhaust state court remedies as to one of his claims. (*See* ECF Nos. 8; 8-1 at 5-7.)

Marilyn L. Huff under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing that the motion to dismiss be **GRANTED WITH PREJUDICE**.

**IT IS HEREBY ORDERED** that any party to this action may file written objections with the Court and serve a copy on all parties no later than **July 16, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any Reply to the Objections shall be filed with the Court and served on all parties no later than **July 30, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: June 25, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge