# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MAHAD AHMED,

Petitioner,

v.

RAYMOND MADDEN, Warden,

Respondent.

Case No.: 3:18-cv-2309-H-JLB

**ORDER:**

**(1) GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS;**

**[Doc. No. 8]**

**(2) ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; AND**

**[Doc. No. 10]**

**(3) DENYING CERTIFICATE OF APPEALABILITY**

On October 1, 2018, Mahad Ahmed ("Petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On February 22, 2019, Respondent filed a motion to dismiss Petitioner's habeas petition as untimely under AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d). (Doc. No. 8.)

On June 25, 2019, the magistrate judge issued a report and recommendation, recommending that the Court grant the motion to dismiss and dismiss Petitioner's habeas

petition with prejudice as untimely under AEDPA's one-year statute of limitations. (Doc. No. 10.) Petitioner did not file an opposition to Respondent's motion to dismiss, nor did Petitioner file objections to the magistrate judge's report and recommendation. For the reasons below, the Court adopts the magistrate judge's report and recommendation and grants Respondent's motion to dismiss with prejudice.

## **Background**

On May 15, 2015, a jury convicted Petitioner of murder in the second degree in violation of Cal. Penal Code § 187(a) and assault by means likely to produce great bodily injury in violation of Cal. Penal Code § 245(a)(4). (Doc. No. 9-1 at 2; see also Doc No. 9-5 at 1.) The jury found true allegations that Petitioner personally inflicted great bodily injury, and inflicted great bodily injury causing a coma due to brain injury under Cal. Penal Code § 12022.7(a), (b). (Id.) The trial court sentenced Petitioner to 15 years to life for the murder and stayed execution of a four-year upper term for the assault and also stayed five- and three-year enhancements for the Section 12022.7(a) and (b) allegations. (Id.)

Petitioner appealed the judgment to the California Court of Appeal. (Doc. No. 9-1.) On December 23, 2016, the Court of Appeal affirmed the judgment in a reasoned opinion. (Id. at 2-35.) It first held that the evidence was sufficient to support Petitioner's conviction for second degree murder under People v. Cravens, 267 P.3d 1113 (Cal. 2012). (Doc. No. 9-1 at 11-18.) Second, the Court of Appeal held that the trial court properly admitted evidence of three prior acts under California Evidence Code § 352. The Court of Appeal ruled that "these acts were not only relevant to the elements of implied malice for purposes of second degree murder, but also to refute other matters in issue," such as Petitioner's claim that "he simply unthinkingly reacted in defense of his group," Petitioner's testimony that "he did not know that [victim] could fall backwards as a result of his punch," and "to counter [Petitioner's] testimony that he did not intend for [victim] to be seriously injured." (Id. at 22.) Third, the Court of Appeal held that the trial court properly instructed the jury on the elements of implied malice, observing that the California Supreme Court approved of "virtually identical" jury instructions in People v. Nieto Benitez, 840 P.2d 969 (Cal.

1992). (Id. at 29-30.)

Finally, the Court of Appeal rejected Petitioner's claim that the jury instructions were unconstitutionally vague. The Court of Appeal observed that the California Supreme Court had repeatedly approved of the instruction and had characterized similar jury language as "straightforward." Nieto Benitez, 840 P.2d at 981; People v. Knoller, 158 P.3d 731, 739 (Cal. 2007). As for the implied malice standard, the Court of Appeal cited Johnson v. United States, 135 S.Ct. 2551, 2557-58, 2561 (2015), where the United States Supreme Court expressly stated that it does "not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." (Doc. No. 9-1 at 30-35.) Accordingly, the Court of Appeal affirmed the judgment and held that Petitioner's claims were without merit. (Id.)

On January 20, 2017, Petitioner filed a petition for review with the California Supreme Court. (Doc. No. 9-2.) The California Supreme Court summarily denied the petition for review on March 1, 2017. (Doc. No. 9-3.)

On February 21, 2018, Petitioner, proceeding *pro se*, constructively filed a petition for writ of habeas corpus in San Diego Superior Court. (See Doc. No. 9-4 at 13-14.) On April 5, 2018, the Superior Court denied the petition on the merits. (Doc. No. 9-5.)

On April 16, 2018, Petitioner, proceeding *pro se*, constructively filed a petition for writ of habeas corpus in the California Court of Appeal, raising the same grounds for relief as contained in his Superior Court petition. (Doc. No. 9-6.) The Court of Appeal denied the petition on April 27, 2018, reasoning that Petitioner was not entitled to habeas corpus relief because he had filed his petition "more than two years after he was sentenced and 16 months after the judgment was affirmed on appeal without any explanation for the delay," and therefore the petition was barred as untimely. (Doc. No. 9-7 at 2.)

The Court of Appeal added that "[e]ven if the petition were not procedurally barred, it would be denied for failure to state a prima facie claim for relief." (Id.) Ruling in the alternative, the Court of Appeal held that Petitioner "has not established any prejudice from trial counsel's failure to make a peremptory challenge to the trial judge," nor did Petitioner

show prejudice from counsel's failure to challenge the denial of his mistrial motion, which had been made on grounds of judge bias. (Doc. No. 9-7 at 2-3.) According to the court, Petitioner "fails to cite a single instance of [the trial judge's] conduct which would support an inference of partiality" and the Court of Appeal "reviewed the trial judge's rulings on the admissibility of the evidence of Petitioner's prior bad acts" and the "rulings themselves thus do not suggest judicial bias." (Id.)

On May 11, 2018, Petitioner, proceeding *pro se*, constructively filed a petition for writ of habeas corpus in the California Supreme Court, raising the same grounds for relief stated in his prior habeas petitions. (Doc. No. 9-8.) The California Supreme Court summarily denied the petition on September 12, 2018. (Doc. No. 9-9.)

On October 1, 2018, Petitioner, proceeding *pro se*, constructively filed his petition pursuant to 28 U.S.C. § 2254 in this Court.[1] (Doc. No. 1.) Petitioner raises the following seven grounds for relief: (1) ineffective assistance of trial counsel for failing to object to the use of jury instruction CALCRIM No. 520; (2) instructing the jury with CALCRIM No. 520 on implied malice without stating that implied malice requires that the act causing death be one that has a high degree of probability it would result in death, in violation of Petitioner's due process rights; (3) introducing uncharged acts to show Petitioner's conduct in the present case was dangerous to human life, in violation of Petitioner's due process rights and right to a fair trial; (4) insufficient evidence to support Petitioner's conviction of second degree murder; (5) ineffective assistance of trial counsel for failing to peremptorily challenge the trial judge; (6) ineffective assistance of trial counsel for failing to file a writ of mandate/prohibition before the Court of Appeal challenging the trial judge's denial of a request for mistrial; and (7) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffective assistance with regard to her failure to file a writ of

---

[1] Under the prisoner mailbox rule, a *pro se* prisoner's petition for habeas corpus is deemed filed at the moment of delivery to prison authorities for forwarding to the court. Houston v. Lack, 487 U.S. 266, 270 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010). The present petition was postmarked and therefore constructively filed on October 1, 2018. (Doc. No. 1 at 19-23.)

mandate/prohibition. (Id.)

## Discussion

**I.  Legal Standards**

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Since Petitioner filed the present federal habeas corpus petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc).

AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal courts. 28 U.S.C. § 2244(d)(1); Holland v. Florida, 560 U.S. 631, 635 (2010). The one-year limitation period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For purposes of § 2244(d)(1)(A), the one-year statute of limitations begins to run the day the judgment becomes final on direct review. See McMonagle v. Meyer, 802 F.3d 1093, 1097 (9th Cir. 2015) (en banc); see also Fed. R. Civ. P. 6(a). The direct review process includes the ninety-day period within which a petitioner can seek a

writ of certiorari from the Supreme Court of the United States, whether or not the petitioner actually files such a petition. McMonagle, 802 F.3d at 1097; see also U.S.C.S. Supreme Ct. R. 13.

AEDPA's one-year statute of limitations for state prisoners is tolled during the pendency of any properly filed state court application for collateral review. 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 216-17 (2002). In addition to statutory tolling, a petitioner seeking habeas corpus relief is entitled to equitable tolling if the following two elements are established: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653 (internal quotation marks omitted).

Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's one-year limitation period, he bears the burden of demonstrating that the limitation period is sufficiently tolled under statutory and/or equitable principles. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

## II.     Statute of Limitations

Respondent moves to dismiss the petition for writ of habeas corpus, stating that the petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). (Doc. No. 8.) Since Petitioner has not alleged any facts or claims to suggest the application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the Court determines whether Petitioner's petition is untimely under § 2244(d)(1)(A). The California Supreme Court denied Petitioner's petition for review on March 1, 2017. (Doc. No. 9-3.) Petitioner had ninety days, or until May 30, 2017, to file a petition for a writ of certiorari with the Supreme Court of the United States. See McMonagle, 802 F.3d at 1097; U.S.C.S. Supreme Ct. R. 13. Petitioner did not seek certiorari. Thus, Petitioner's conviction became final on May 30, 2017, and AEDPA's one-year statutory period began to run on that same day. See 28 U.S.C. § 2244(d)(1)(A). The

present petition was constructively filed on October 1, 2018, four months after the limitations period expired. (See Doc. No. 1 at 19-21.) As a result, the petition is untimely under Section 2244(d)(1)(A), unless Petitioner can establish that he is entitled to statutory or equitable tolling.

### III. Tolling of Statute of Limitations

The one-year statute of limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Petitioner constructively filed a petition for writ of habeas corpus in the Superior Court on February 21, 2018. (See Doc. No. 9-4 at 13-14.) The Superior Court denied the petition on April 5, 2018. (Doc. No. 9-5.) Thus, Petitioner is entitled to statutory tolling of 44 days while his petition was pending before the Superior Court. (See Doc. No. 8-1 at 4.)

Petitioner's subsequent habeas petition before the California Court of Appeal does not toll the one-year statute of limitations because that petition was untimely under state law and therefore not "properly filed." Pace, 544 U.S. at 413-14. As the Court of Appeal wrote,

> Ahmed is not entitled to habeas corpus relief. His petition, filed more than two years after he was sentenced and 16 months after the judgment was affirmed on appeal without any explanation for the delay, is barred as untimely. (*In re Sanders* (1999) 21 Cal.4th 697, 703; *In re Swain* (1949) 34 Cal.2d 300, 302.) "[T]he filing of untimely claims without any serious attempt at justification is an example of abusive writ practice." (*In re Reno* (2012) 55 Cal.4th 428, 460.) Ahmed's "failure to affirmatively address the applicability of procedural obstacles to consideration of the claims raised in [his] habeas corpus petition justifies summary denial without the court's consideration of the merits." (*Id.* at p. 511.)

(Doc. No. 9-7 at 2.) Where a California court has held that a state habeas petition was untimely, federal courts are "bound by that decision." Valdez v. Montgomery, 918 F.3d 687, 692 (9th Cir. 2019). Because the California Court of Appeal held that Petitioner's habeas petition was untimely, none of the time before or during the state court's

consideration of the petition is tolled for purposes of AEDPA's limitations period. See Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006).

Similarly, Petitioner's habeas petition before the California Supreme Court does not toll the statute of limitations because that petition was untimely as well. The California Supreme Court summarily denied his petition on September 12, 2018. (ECF No. 9-9.) Under the "look through" doctrine,

> When at least one state court has rendered a reasoned decision, but the last state court to reject a prisoner's claim issues an order "whose text or accompanying opinion does not disclose the reason for the judgment," we "look through" the mute decision and presume the higher court agreed with and adopted the reasons given by the lower court.

Curiel, 830 F.3d at 870 (quoting Ylst v. Nunnemaker, 501 U.S. 797, 802-06 (1991). The look through doctrine "has universally been applied in cases where the court rendering a reasoned decision and a later court making a summary determination were facing precisely the same issue." Valdez, 918 F.3d at 691. Applying the "look through" doctrine, the California Supreme Court denied Petitioner's habeas petition on the same grounds as the California Court of Appeals.[2] Consequently, Petitioner's state supreme court petition also was not "properly filed" for purposes of statutory tolling under AEDPA. See id. at 690 ("[I]f a prisoner timely files his or her first state habeas petition but does not timely file a second petition, then the prisoner is not entitled to tolling for the period following the denial of the first petition.").

---

[2] California courts may "signal that a habeas petition is denied as untimely by citing the controlling decisions, *i.e. Clark* and *Robbins*," Walker v. Martin, 562 U.S. 307, 310 (2011). While a summary denial with citations to the relevant California precedent on untimely habeas petitions is "sufficient" to impose an untimeliness bar, such citation is not necessary for the summary denial to impose an untimeliness bar. Curiel, 830 F.3d at 870, 871 ("The Supreme Court has admonished us in the past not to assume that a California court found a state habeas petition to be timely from the court's silence on the question.").

Accordingly, Petitioner was entitled to statutory tolling of only 44 days, extending the deadline to file his federal habeas petition to July 13, 2018. Because Petitioner did not constructively file his petition until October 1, 2018, the petition is barred as untimely under AEDPA, unless equitable tolling applies.

Petitioner is not entitled to equitable tolling under <u>Pace</u>. 544 U.S. at 418. Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling is available when "'extraordinary circumstances beyond a prisoner's control made it impossible'" to file a petition on time. <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (quoting <u>Brambles v. Duncan</u>, 330 F.3d 1197, 1202 (9th Cir. 2003)). The failure to file a petition on time must be the result of external forces, not the result of the petitioner's lack of diligence. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" <u>Spitsyn</u>, 345 F.3d at 799 (quoting <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001)). Petitioner did not allege that he was entitled to equitable tolling in his habeas petition, nor did he present any evidence of any extraordinary circumstance that would have prevented a timely filing. (<u>See</u> Doc. No. 1.)

Petitioner did address the timeliness of his state petitions in his writ of habeas corpus in the California Supreme Court. But even if he made those arguments before this Court, those explanations are insufficient to trigger equitable tolling. Petitioner states that "[i]t took a long time to receive the paperwork" and that "as soon as [he] received the paperwork, [he] began the necessary research." (Doc. No. 9-8 at 13.) But Petitioner does not explain which papers he waited to receive and how long it took for him to receive it. <u>See</u> <u>Miranda v. Lewis</u>, 2013 WL 752493, at *3 (N.D. Cal. Feb. 27, 2013) (equitable tolling not warranted where petitioner "has not shown what paperwork he needed that he did not have"); <u>Tamayo v. United States</u>, 2008 WL 417674, at *4 (S.D.N.Y. Feb. 13, 2008) (equitable tolling not warranted where petitioner "does not specify which legal papers were missing" or "which of these papers were necessary"). Petitioner further claims that the

delay resulted because he is "not an attorney," "had no one helping [him] formulate the habeas corpus petition," and that he "slogged [his] way through statutes, rules of court, state and federal case law, inter alia." (Id. at 14.) But a *pro se* petitioner's lack of legal sophistication is not an extraordinary circumstance that qualifies him for equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Thus, Petitioner has failed to satisfy Pace's standard for equitable tolling. Accordingly, his § 2254 habeas petition is barred by AEDPA's one-year statute of limitations.[3]

### IV. Petitioner's Habeas Claims

Even if Petitioner's habeas petition was not barred by the statute of limitations, the Court has independently reviewed the record and finds that Petitioner's claims are without merit. Petitioner first argues that the evidence was insufficient to sustain his conviction for second degree murder. Sitting in habeas, the Court may set aside a jury's verdict on the grounds of insufficient evidence only if "no rational trier of fact could have agreed with the jury" and the state court decision rejecting a sufficiency of the evidence challenge was "objectively unreasonable." Coleman v. Johnson, 566 U.S. 650, 651 (2012). The record shows three separate witnesses testifying that Petitioner blindsided the victim with a punch launched with great force. (Doc. No. 9-1 at 4-5.) Further, three expert witnesses testified that Petitioner's punch resulted in the brain hemorrhage that led to the victim's death. (Id. at 6-7.) These facts resemble those in People v. Cravens, where the California Supreme Court "has long recognized that an assault with the fist . . . may be made in such a manner and under such circumstances as to make the killing murder." 267 P.3d 1113, 1118 (Cal. 2012) (internal quotation marks omitted). Affording due respect to the role of the jury and state courts, the evidence at Petitioner's trial was sufficient to sustain Petitioner's conviction.

Second, the trial court properly admitted evidence of Petitioner's prior acts. A state

---

[3] Since the Court finds that the petition is untimely, the Court need not address Respondent's additional argument that the petition should be dismissed without prejudice because Petitioner failed to exhaust state court remedies for one of his claims. (See Doc. Nos. 8; 8-1 at 5-7.)

10

3:18-cv-2309-H-JLB

court's evidentiary rulings generally are not a basis for habeas relief. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Such rulings only give rise to habeas relief in the rare case where "the introduction of this type of evidence is so extremely unfair that its admission violates fundamental conceptions of justice." Dowling v. United States, 493 U.S. 342, 352 (1990). Petitioner's prior acts were relevant to the elements of implied malice and to refute Petitioner's claims that he acted in self-defense, that he did not intend for the victim to be seriously injured, and that he did not know that the victim could fall backwards from Petitioner's punch. Thus, admission of these prior acts is not "so extremely unfair" that it violates due process. See Estelle, 502 U.S. at 70 ("Concluding, as we do, that the prior injury evidence was relevant to an issue in the case, we need not explore further the apparent assumption of the Court of Appeals that it is a violation of the due process guaranteed by the Fourteenth Amendment . . . .").

Third, the jury instructions given at Petitioner's trial, CALCRIM No. 520, were not unconstitutionally vague. For instructions to be so deficient that they require habeas relief, there must be "a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." Estelle, 502 U.S. at 72. The record does not indicate that the jury applied the instructions in any manner that would be unconstitutional. Further, the California Supreme Court has approved of similar jury language and has characterized such language as "straightforward." Nieto Benitez, 840 P.2d at 981; People v. Knoller, 158 P.3d 731, 739 (Cal. 2007). As for the implied malice standard described in the instruction, the United States Supreme Court does "not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." Johnson v. United States, 135 S.Ct. 2551, 2557-58, 2561 (2015). Thus, the jury instructions given at Petitioner's trial do not provide grounds for habeas relief.

Fourth, Petitioner does not have a valid claim to ineffective assistance of trial counsel due to counsel's failure to object to the use of jury instruction CALCRIM No. 520. To claim ineffective assistance of trial counsel, Petitioner must show that the attorney committed error "so serious that counsel was not functioning as the 'counsel' guaranteed

the defendant by the Sixth Amendment," and that the error "prejudiced the defense." Weaver v. Massachusetts, 137 S. Ct. 1899, 1910 (2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). But trial counsel's failure to object to CALCRIM No. 520 was not an error since the California Supreme Court approved of virtually identical jury instructions in People v. Nieto Benitez, 840 P.2d 969 (Cal. 1992).

Finally, Petitioner's remaining claims to ineffective assistance of counsel are without merit. Petitioner argues that trial counsel erred by: (1) not peremptorily challenging the trial judge on the grounds of judge bias, and (2) not challenging the trial judge's denial of Petitioner's request for a mistrial on the same grounds. He also argues that appellate counsel erred by not raising trial counsel's ineffective assistance due to her failure to challenge the trial judge's denial of Petitioner's request for a mistrial. But Petitioner does not identify any of the trial judge's conduct that was improper due to alleged bias. As the California Court of Appeal wrote, Petitioner "fails to cite a single instance of [the trial judge's] conduct which would support an inference of partiality." (Doc. No. 9-7 at 2-3.) Additionally, the Court of Appeal "reviewed the trial judge's rulings on the admissibility of the evidence of Petitioner's prior bad acts" and the "rulings themselves thus do not suggest judicial bias." (Id.) Because Petitioner does not demonstrate prejudice, these claims to ineffective assistance of counsel are without merit. Weaver, 137 S. Ct. at 1910. Since Petitioner's claim to ineffective assistance of appellate counsel rests on his claim to ineffective assistance of trial counsel, it follows that Petitioner's claim of ineffective assistance of appellate counsel is without merit as well.

## Conclusion

For the foregoing reasons, the Court adopts the magistrate judge's report and recommendation and grants Respondent's motion to dismiss with prejudice. (Doc. Nos. 8, 10.) Additionally, because the Court concludes that reasonable jurists would not find the Court's procedural analysis debatable or wrong, and Petitioner has not shown a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 485 (2000).

**IT IS SO ORDERED.**

DATED: September 9, 2019

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT